IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 21-79 |
| | ) | [UNDER SEAL] |
| SUSAN GILBERT | ) | |
| | ) | |

INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Robert S. Cessar and Karen Gal-Or, Assistant United States Attorneys for said district, and submits the following Indictment Memorandum to the Court:

I. THE INDICTMENT

A three-count Indictment was filed against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to Defraud the United States from on or about October 10, 2018, to on or about February 20, 2020 | 18 U.S.C. § 371 |
| 2 | Health Care Fraud from on or about October 10, 2018, to on or about February 20, 2020 | 18 U.S.C. §§ 1347 and 2 |
| 3 | Obstruction of a Federal Audit from on or about October 10, 2018, to on or about February 20, 2020 | 18 U.S.C. §§ 1516 and 2 |



FILED

FEB 24 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSES

**A.     As to Count 1:**

In order for the crime of conspiracy, in violation of 18 U.S.C. § 371, to be established, the United States must prove, beyond a reasonable doubt, all of the following essential elements:

1. That two or more persons agreed "to defraud the United States," as charged in the Indictment. "Defraud the United States" means to cheat the United States government or any of its agencies out of money or property. It also means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objective to defraud the United States and intending to join together with at least one other conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to defraud the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371B (modified).

**B.     As to Count 2:**

In order for the crime of Health Care Fraud, in violation of 18 U.S.C. § 1347, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

   1. That the defendant knowingly and willfully devised or participated in a scheme to defraud Medicare and Medicaid, to obtain by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of Medicare and Medicaid, in connection with the delivery of or payment for health care benefits, items, or services;

   2. That the defendant acted with the intent to defraud; and

   3. That Medicare and Medicaid were public plans or contracts, affecting commerce, under which any medical benefit, item, or service was provided to any individual.

Third Circuit Model Criminal Jury Instruction 6.18.1347.

 **C.** **As to Count 3:**

In order for the crime of Obstruction of Federal Audit, in violation of 18 U.S.C. § 1516, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

   1. That the defendant endeavored to influence, obstruct or impede a federal auditor in the performance of official duties;

   2. That the auditor's duties related to a person, entity, or program receiving in excess of $100,000, directly or indirectly, from the United States in any one-year period under a contract or subcontract, grant, or cooperative agreement, and

   3. That the defendant did so with intent to deceive or defraud the United States.

18 U.S.C. § 1516; United States v. Crinel, No. CR 15-61, 2018 WL 4076352, at *4 (E.D. La. Aug. 27, 2018), aff'd sub nom. United States v. Barnes, 979 F.3d 283 (5th Cir. 2020); United States v. Dose, No. CR 04-4082, 2005 WL 1806414 (N.D. Iowa July 28, 2005).

## III. PENALTIES

A.  **As to Count One: Conspiracy (18 U.S.C. § 371):**

    1.  A term of imprisonment of not more than five (5) years;

    2.  A fine not more than the greater of $250,000; or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process; and

    3.  A term of supervised release of not more than three (3) years.

B.  **As to Count 2:   Health Care Fraud (18 U.S.C. §§ 1347 & 2):**

    1.  A term of imprisonment of not more than ten (10) years, but if the violation results in serious bodily injury as defined in Title 18, United States Code 1365, a term of imprisonment of not more than twenty (20) years, and if the violation results in death, a term of imprisonment for any term of years or for life;

    2.  A fine not more than the greater of $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this fine would unduly complicate or prolong the sentencing process; and

    3.  A term of supervised release of not more than three (3) years.

C.  **As to Count 3:   Obstruction of Federal Audit (18 U.S.C. §§ 1516 & 2):**

    1.  A term of imprisonment of not more than five (5) years;

    2.  A fine not to exceed $250,000; and

    3.  A term of supervised release of not more than two (2) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts 1 and 2, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*s/Robert S. Cessar*
ROBERT S. CESSAR
Assistant United States Attorney
PA ID No. 47736

*s/Karen Gal-Or*
KAREN GAL-OR
Assistant United States Attorney
PA ID No. 317258