IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 21-79 |
| v. | |
| SUSAN GILBERT | |

PROTECTIVE ORDER

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable person identity information and potentially sensitive medical or financial information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R. Crim. P. 16(d) and with the consent of the parties, it is hereby ORDERED:

1. Production of Personal Identity Information By The United States That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, or to 42 U.S.C. § 1306, or Other Privacy Protections. The United States may produce certain individually identifiable personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure to defendant, pursuant to defendant's discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a or to the provisions of 42 U.S.C. § 1306. The United States shall produce these documents unredacted to the Defense counsel consenting to this ORDER. Upon producing these documents, the United States shall designate them as "confidential" in the manner set forth in paragraph 2, below. The defendant, including defendant's counsel and their personnel, may use these documents only for the limited purposes of the criminal case and may not be used for any other purpose.

2. Designation of Material Subject to this Protective Order. To designate "confidential" material covered by this Protective Order, parties shall so designate, in the file name, on the material itself, in an accompanying cover letter, or on a disk cover or label, by using the following designation: "CONFIDENTIAL INFORMATION- SUBJECT TO PROTECTIVE ORDER." Information not initially designated as Confidential may be so designated later in writing.

3. Limited Use of Confidential Information. Confidential Information, facts derived from the Confidential Information, and any notes, summaries, memoranda, exhibits, or other documents that include or describe Confidential Information, shall be retained by counsel for the Parties. No personal shall disclose or disseminate the substance of these materials to anyone without the express permission of the Court or as provided herein. The materials may be disclosed to the persons described as follows:

(a) The Court and its staff assigned to the Criminal Case;

(b) United States Attorney's Office or their agents involved in the Criminal Case;

(c) Counsel for a defendant (including other attorneys, legal assistants, their agents, private investigators and staff) involved in the Criminal Case;

(d) Independent experts retained by either of the Parties in connection with the Criminal Case;

(e) Potential witnesses in the Criminal Case;

(f) Law enforcement officials involved with the Criminal Case; and,

(g) Defendant.

Under no circumstances shall such Confidential Information be used for any purpose other than in the Criminal Case absent an order from this Court. Persons to whom access to Confidential

Information is given pursuant to this Protective Order shall keep such information and any copies, abstracts, or summaries thereof secure in accordance with the purposes and intent of this Protective Order.

4. Disclosure Pursuant to this Order. Prior to the disclosure of Confidential Information to any person pursuant to paragraph 3 of this Protective Order, that person shall first receive and read a copy of this Protective Order and agree to be bound by its terms. The Parties (and their agents) shall maintain a list of all persons to whom Confidential Information is disclosed. Also, the Parties shall notify all persons listed in paragraph 3 of this Protective Order that Confidential Information disclosed to them is covered by this Protective Order.

5. Confidential Information in Open Court. No party shall file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed. The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated confidential documents in open court without prior consideration by the Court. The parties shall comply with Local Rules 5.2 and 49, and the parties will file a motion seeking leave of the Court to file documents under seal.

6. Filing of documents. The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

7. Post-Case Disposition. Within 90 days of the final conclusion of this litigation, each defendant shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the United States, or shall destroy them and certify in

writing to counsel for the United States that the documents have been destroyed. If any documents designated as confidential are used as defense exhibits, defense counsel shall identify these documents, which shall be maintained with government exhibits so long as those are required to be maintained.

8. Modification Permitted. Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

9. No Ruling on Discoverability or Admissibility. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS SO ORDERED.

_____
United States District Judge

__June 21, 2021__
Date